# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

IRIS IDALIA GONZALEZ,          Case No. 07-11165-RGM
                               (Chapter 7)
    Debtor.

## MEMORANDUM OPINION

THIS CASE is before the court on a proposed reaffirmation agreement by and between the debtor and Capital One Bank. The debtor is represented by counsel. There is a presumption of undue hardship and counsel properly checked the presumption box on page one of Official Form 240A. Because counsel did not opine that the debtor can make the required payments, the reaffirmation agreement is not effective.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. One subsection, §524(c)(2), requires that the debtor receive the disclosures described in §524(k) before or at the time she signs the reaffirmation agreement. Section 524(k)(1) requires a reaffirmation agreement to contain certain provisions, one of which is Part C, "Certification By Debtor's Attorney". 11 U.S.C. §524(k)(5). These certifications – actually one certification (11 U.S.C. §524(k)(5)(A)) and one opinion (11 U.S.C. §524(k)(5)(B)) – consist of two paragraphs. The first paragraph – the certification – states:

> I hereby certify (1) this agreement represents a fully informed and voluntary agreement by the debtor(s); (2) this agreement does not impose an undue hardship on the debtor(s) or any dependent of the debtor(s); and (3) I have fully advised the debtor(s) of the legal effect and consequences of this agreement and any default under this agreement.

The second paragraph – the opinion – applicable in this case because the presumption of undue

hardship was established and the creditor is not a credit union, states:

> A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor(s) is/are able to make the required payment.

The certification is always applicable; the opinion is not. If the opinion is applicable and counsel gives the required opinion, the box preceding the second paragraph must be checked. In this case, the box was not checked even though there is an undue hardship. Thus, debtor's counsel did not give his opinion that the debtor was able to make the required payments. Since §524(k)(5)(B) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

Alexandria, Virginia
February 11, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Robert J. Craig

Copy mailed to:

Heath S. Berger
Capital One Bank
Steinberg, Fineo, Berger & Fischoff P.C.
40 Crossways Park Drive, Suite 104
Woodbury, New York 11797

Iris I. Gonzalez
205 N. Ripley Street, #101
Alexandria, Virginia 22304

13997